IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEFA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COX et al,<br><br>　　　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING [12] PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>Case No. 2:25-cv-00528-TS-CMR<br><br>Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is a Motion to Appoint Counsel (Motion) (ECF 12) filed by *pro se* Plaintiff Tyler Brandon Defa (Mr. Defa or Plaintiff). Proceeding *in forma pauperis*, Plaintiff filed this action against Defendant on July 1, 2025 (ECF 1). While defendants in criminal actions have a constitutional right to representation by an attorney, U.S. Const. amend. VI, Fed. R. Crim. P. 44, there is "no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Indigent parties in civil actions who cannot obtain counsel may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1). A court has discretion under § 1915(e)(1) on whether to appoint counsel. *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). The applicant has the burden to convince the court that the claim has enough merit to justify the court's appointing counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

The Tenth Circuit in *Rucks v. Boergermann*, noted that courts are to consider the following four factors when deciding whether to appoint counsel: "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). The court must make its determination based on an examination of the "record at the time the request is made." *McCarthy*, 753 F.2d at 838 (citing *Jackson v. Turner*, 442 F.2d 1303 (10th Cir. 1971)).

Turning first to the merits of Plaintiff's claims, based on an examination of the record, Plaintiff does appear to have articulated factual support for a colorable claim. The court also notes that Defendants did not file a motion to dismiss, which weighs in favor of a colorable claim. Thus, the first factor weighs in favor of appointment.

The nature of the factual issues, however, weighs against appointment. Plaintiff's action arises from the alleged denial of access to a public accommodation for his service dog, which resulted in an unlawful arrest, incarceration, and additional violations against him (ECF 1). "[T]he majority of these events involve a straightforward narrative of what occurred to [Plaintiff] personally." *Zemaitiene v. Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*, No. 2:16-CV-1271-RJS-EJF, 2017 WL 11566916, at *1 (D. Utah Mar. 20, 2017) (citing *Rucks*, 57 F.3d at 979) ("[T]he district court should consider the nature of the factual issues . . . and the ability of the plaintiff to investigate the crucial facts.")).

The third *Rucks* factor is Plaintiff's ability to present his claims. Plaintiff's Complaint is both formalistically and substantively strong, demonstrating his ability to draft his own filings and sufficiently articulate his positions. *See Lepp v. South Salt Lake Police Department, et. al.*, No.

2:25-Cv-00675, 2025 WL 3012916, at *1 (D. Utah Oct. 28, 2025) ("While the factual and legal issues in this case appear somewhat complex, upon review, Plaintiffs show a keen '"ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion."') (quoting *Sandoval-Ochoa v. United States,* 2017 U.S. Dist. LEXIS 57112, at *1 (D. Utah April 13, 2018)). Therefore, the third *Rucks* factor weighs against the appointment of counsel.

Lastly, the court must consider the complexity of the legal issues raised in the claims. The constitutional and statutory violations mentioned in Plaintiff's Complaint are not particularly complex. There is well-established case law in these areas, and the standards are clearly defined and frequently litigated. More importantly, like the pro se plaintiff in *Rucks*, Plaintiff appears to have "a firm grasp of the fundamental issues in his case and seems capable of presenting his case intelligently and coherently." *Rucks*, 57 F.3d at 979.

In conclusion, although Plaintiff has presented a colorable claim, the other three *Rucks* factors weigh against appointing counsel. Therefore, the court DENIES Plaintiff's Motion for Appointment of Counsel (ECF 12) without prejudice. The court acknowledges that appointed counsel may later become appropriate or necessary. As the case develops, if it appears that counsel could provide further specific assistance, Plaintiff may renew his motion for counsel.

DATED this 3 November 2025.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah