**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| DEFA,<br><br>        Plaintiff,<br><br>vs.<br><br>DUCHESNE COUNTY, et al.,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [22] PLAINTIFF'S MOTION TO STAY**<br><br>Case No. 2:25-cv-00528-TS-CMR<br><br>District Judge Ted Stewart<br><br>Chief Magistrate Judge Cecilia M. Romero |

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 13). Before the court is pro se Plaintiff Tyler Brandon Defa's (Plaintiff) Motion to Stay (Motion) (ECF 22) and Defendants' Response (ECF 23). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES the Motion.

## I.    BACKGROUND

Plaintiff alleges he was involved in a confrontation at a "public saloon" (ECF 1 ¶ 10), which led to Plaintiff's arrest, incarceration, and prosecution (*id*. ¶¶ 12–22). Plaintiff brings eleven causes of action against Defendants, all arising from the confrontation and the subsequent events (*see id*.). Plaintiff filed this action on July 1, 2025, and the court entered its Scheduling Order on November 13, 2025 (ECF 19). On December 1, 2025, Plaintiff filed the present Motion requesting a stay of the case (ECF 22). In support, Plaintiff provides two arguments: (1) exceptional circumstances are present as he is currently incarcerated in Montana, causing him to be limited in resources (*id*. at 1); and (2) he currently has a case pending adjudication before the Utah Supreme

Court (*id*. at 2). Defendants object, asserting that vague assertions of needing more time or resources do not demonstrate good cause for a stay, and Plaintiff has not shown a basis for a stay under the *Colorado River* abstention doctrine (ECF 23 at 2–3).

## II.    LEGAL STANDARD

The court has inherent power to stay proceedings in matters pending before it.  *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963). This includes discretion to stay discovery pending resolution of a motion to dismiss. *See Matrix Grp., LLC v. Innerlight Holdings, Inc.*, 2012 WL 5397118, at *4–5 (D. Utah Nov. 5, 2012). Reaching such a determination as to whether or not to stay a matter "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  In exercising this judgment, courts in this circuit have applied a variety of factors. *See e.g., Gale v. Brinker International Payroll Co.*, 2010 WL 3835215, *1 (D. Utah Sept. 29, 2010); *Sykes v. LivaNova Deutschland GMBH*, 2018 WL 286791, at *1 (D. Colo. Jan. 4, 2018). These include: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; (3) the interests and burdens on the parties; (4) the interests of others, such as nonparties or the public, in staying or proceeding with the case, and (5) the impact to the court of staying a matter. *Id*.

## III.    DISCUSSION

As a preliminary matter, on December 5, 2025, the Utah Supreme Court denied a writ of certiorari in Plaintiff's state criminal case.[1] Accordingly, Plaintiff's reliance on the pendency of his state criminal case for a stay is now moot.

---

[1] The court takes judicial notice of the Plaintiff's state court proceedings finding that they directly relate to the issues under consideration. *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (finding that federal courts, when appropriate, can recognize proceedings in other courts, whether within or outside the federal system, if those proceedings are directly related to the issues under consideration).

While the court is cognizant of Plaintiff's pro se status and his current incarceration, the Motion does not provide the court with sufficient information to adequately weigh the factors enumerated above. Plaintiff merely indicates that he has limited resources, is indigent, and his mail is held for an excessive amount of time (ECF 22 at 1). Liberally construing the Motion, Plaintiff's current incarceration only provides information regarding factor three, namely, the current burdens on Plaintiff. Therefore, the court agrees with Defendants that Plaintiff's vague assertions of needing more time or resources are not sufficient to warrant a stay.

## IV.   CONCLUSION

The court therefore DENIES the Motion to Stay without prejudice (ECF 22).

DATED this 1 May 2026.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah