**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| DEFA,<br><br>    Plaintiff,<br>v.<br><br>COX, et al,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [26] PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>Case No. 2:25-cv-00528-TS-CMR<br><br>District Judge Ted Stewart<br>Chief Magistrate Judge Cecilia M. Romero |

Before the court is a Motion to Appoint Counsel (Motion) (ECF 26) filed by *pro se* Plaintiff Tyler Brandon Defa (Plaintiff). No response to the Motion has been filed, and the time for doing so has passed. *See* DUCivR 7-1(a)(4)(D)(ii). Proceeding *in forma pauperis*, Plaintiff filed this action against Defendant on July 1, 2025 (ECF 1). For the reasons stated below, the court DENIES the Motion.

## I.      BACKGROUND

Plaintiff brings this action based on an altercation at a public saloon and the arrest and incarceration that allegedly followed (ECF 1 ¶¶ 10–22). Because Plaintiff was granted leave to proceed *in forma pauperis* (ECF 7), he now moves for appointment of counsel under 28 U.S.C. § 1915(e)(1) (ECF 26 at 1). The court recently entered an order addressing Defendants' Motion for Judgment on the Pleadings and identifying deficiencies in Plaintiff's Complaint (ECF 29). Those deficiencies inform the court's decision of whether appointment of counsel is warranted at this stage.

## II.      LEGAL STANDARD

While defendants in criminal actions have a constitutional right to representation by an attorney, U.S. Const. amend. VI, Fed. R. Crim. P. 44, there is "no constitutional right to appointed

counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Indigent parties in civil actions who cannot obtain counsel may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1). A court has discretion under § 1915(e)(1) on whether to appoint counsel. *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). The applicant bears the burden of convincing the court that the claim has sufficient merit to justify the court's appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). "If the plaintiff has a colorable claim then the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts." *Id*. (quoting *McCarthy*, 753 F.2d at 838). The court must make its determination based on an examination of the "record at the time the request is made." *McCarthy*, 753 F.2d at 838 (citing *Jackson v. Turner*, 442 F.2d 1303 (10th Cir. 1971)).

Here, Plaintiff provides the following reasons in support of his motion: (1) Plaintiff has been granted leave to proceed *in forma pauperis* by this court, (2) Plaintiff is incarcerated and limited to two envelops, two sheets of paper, and legal mail takes approximately two weeks to receive or send, "which makes it impossible to reply," (3) Plaintiff has been unable to obtain an attorney on his own, (4) this action involves complex legal and factual issues, (5) Plaintiff has no formal legal training and lacks the capacity to adequately investigate, conduct discovery, or prepare for trial, and (6) the appointment of counsel would serve the interest of justice and ensure the case is fairly and efficiently adjudicated (ECF 26 at 1–2).

The merits of Plaintiff's claims weigh against appointing counsel at this time. The undersigned recently entered a Report and Recommendation identifying multiple deficiencies in Plaintiff's Complaint and concluding that, as currently pled, Plaintiff has not stated a plausible claim for relief (ECF 29). Thus, on the present record, Plaintiff has not shown that his claims have sufficient merit to warrant the appointment of counsel. *See McCarthy*, 753 F.2d at 838 (explaining that the applicant bears the burden of convincing the court that the claim has sufficient merit to warrant the appointment of counsel).

The current nature of the factual issues and the complexity of the case also do not warrant the appointment of counsel. Plaintiff asserts that this action involves complex legal and factual issues (ECF 26 at 1–2). First, the factual issues in this case consist of thirteen (13) sentences (Compl. ¶¶ 10–22). The court does not find that the nature of these factual issues is complex or difficult for a *pro se* plaintiff to navigate. Second, at present, the question is whether Plaintiff can file an amended complaint that identifies the claims he intends to pursue, the Defendant or Defendants against whom each claim is brought, and the facts supporting each claim. The court is not convinced that Plaintiff is unable to fix his pleading deficiencies without the assistance of counsel.

Plaintiff's ability to present his claims does not weigh in favor of appointing counsel. The court acknowledges Plaintiff's assertion that, when he filed his Motion, he was incarcerated and limited to two envelopes, two sheets of paper, and delayed legal mail (ECF 26 at 1–2). However, on May 4, 2026, Plaintiff filed a Notice of Change of Address indicating that he is no longer housed at the same detention facility (ECF 28). Plaintiff now lists his address as "c/o START 801 MT Hwy 48, Anaconda MT 59711" (*id*. at 1). "START" appears to be an assessment/sanction center operated by Community, Counseling, and Correctional Services, Inc. *See* START, Cmty.

Counseling & Corr. Servs., Inc., http://www.cccscorp.com/programs/start/ (last visited July 13, 2026). Given Plaintiff's relocation, it is unclear whether he remains subject to the same limits on paper, envelopes, or legal-mail timing. Accordingly, this consideration is, at most, neutral and does not weigh in favor of appointing counsel.

The court also acknowledges Plaintiff's assertions that he lacks formal legal training and has been unable to obtain counsel on his own (ECF 26 at 1–2). But those circumstances do not overcome Plaintiff's failure, at this stage, to demonstrate that his claims have sufficient merit to warrant appointment of counsel.

Finally, the interests of justice do not require the appointment of counsel. Plaintiff argues that counsel would help ensure the case is fairly and efficiently adjudicated (ECF 26 at 1–2). Given the deficiencies in the current Complaint, Plaintiff has not yet demonstrated that his claims have sufficient merit to warrant appointment of counsel. Accordingly, Plaintiff's Motion is denied without prejudice.

DATED this 13 July 2026.

_Cecilia M. Romero_
Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah